## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**RICHARD J. JOHNSON, #153249,**

        **Plaintiff,**

                              **Civil No: 06-CV-11923**
                              **Honorable Paul V. Gadola**
                              **Magistrate Judge R. Steven Whalen**

**v.**

**B. FRITZ, THOMAS BIRKETT,**
**ROBERT KAPTURE &**
**KENNETH MCGINNIS,**

        **Defendants.**

_____

## OPINION & ORDER SUMMARILY DISMISSING
## PLAINTIFF'S CIVIL RIGHTS COMPLAINT

### I.  Introduction

      Plaintiff, Richard J. Johnson, presently confined at Standish Maximum Correctional Facility in Standish, Michigan, has filed a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff asserts that he is being wrongfully assessed "surcharges" for various privileges enjoyed by the inmates (i.e., cable television and holiday activities). Plaintiff further claims that the Defendants are engaged in the unauthorized withdrawal of funds from his prisoner account. Accordingly, Plaintiff has now filed this civil rights complaint and requests to be compensated in the sum of $100,000.00. Petitioner further requests that he be permitted to partake in prisoner privileges without being assessed a surcharge. The Court finds that Plaintiff's Complaint is summarily dismissed with prejudice for failure to exhaust administrative remedies and for failure to state a claim.

## II.  Discussion

### A.  Failure to Exhaust Administrative Remedies

A preliminary question in prisoner civil rights cases challenging the conditions of confinement is whether the prisoner exhausted administrative remedies before filing the complaint. 42 U.S.C. §1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The exhaustion requirement is mandatory, and it applies to all inmate suits about prison life, whether under §1983 or some other federal law.  *Porter v. Nussle,* 534 U.S. 516, 524, 532 (2002), and regardless of the relief sought and offered through administrative procedures, *Booth v. Churner,* 532 U.S. 731, 741 & 741 n.6 (2001).  Exhaustion of administrative remedies is mandatory "even if proceeding through the administrative system would be 'futile.'"  *Jones Bey v. Johnson,* 407 F.3d 801, 805 (6th Cir. 2005).

In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.2000).  In addition, a prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir.2001); *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir.2003).

The Michigan Department of Corrections (MDOC) has a three-step administrative remedy procedure.  *See, MDOC Policy Directive 03.02.130 (Dec. 19, 2003).*  These procedures:

> require the prisoner to first file a grievance with the internal grievance coordinator at the prison in which he is incarcerated.  If the grievance is denied at this level, the

2

prisoner can appeal it to the prison's warden. If denied a second time, the prisoner can exercise a final appeal to the office of the Michigan Department of Corrections' director. *See*, *MDOC Policy Directive 03.02.130.* Once the prisoner has undertaken all three of these steps, his grievance is considered fully exhausted.

*Jones Bey,* 407 F.3d at 803 n.

In this case, Plaintiff exhausted the first step of the grievance procedure, but failed to complete the process. Petitioner offers no explanation for his failure to exhaust his administrative remedies. Since Plaintiff has failed to meet his burden of showing that he has fully exhausted the required administrative remedies as to the claims contained in his Complaint, pursuant to MDOC Policy Directive 03.02.130, this matter would ordinarily be dismissed without prejudice. However, for the reasons stated below, this matter is dismissed with prejudice.

### B. Failure to State a Claim

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

In this case, Petitioner has not alleged any facts which rise to the level of being deprived of a federal constitutional right.

### III. Conclusion

Plaintiff has failed to exhaust the required grievance process mandated by the Michigan Department of Corrections, and therefore cannot administratively proceed in this Court. Additionally, Plaintiff's claims of being wrongfully assessed surcharges and of the unauthorized use of funds in his prisoner account are insufficient facts to state a claim under 42 U.S.C. § 1983.

3

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Complaint **[Docket No: 1-1, filed April 25, 2006]** is summarily **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that the Plaintiff's Application for Prisoner to Proceed Without Pre-Payment of Fees or Costs **[Docket No: 1-2, filed April 25, 2006]** is **DENIED** as moot.

DATED: ____May 15, 2006____                    s/Paul V. Gadola_____
                                                                        HONORABLE PAUL V. GADOLA
                                                                        UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on ____May 16, 2006____, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

_____, and

I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____Richard J. Johnson_____.

                                                    s/Ruth A. Brissaud_____
                                                    Ruth A. Brissaud, Case Manager
                                                    (810) 341-7845

4